IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01330-DDD-CYC

BRIAN HENRY LEWIS,

     Plaintiff,

v.

7-ELEVEN, INC.,

     Defendant.

---

## ORDER TO SHOW CAUSE

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter comes before the Court sua sponte due to the plaintiff's failure to prosecute his claims against the defendant, failure to comply with court orders, and failure to comply with the Local Rules of this District.

The pro se plaintiff filed this case in the District of Colorado on March 27, 2026, ECF No. 1-1 at 1, and the matter was subsequently assigned to this Court. ECF No. 6. On April 8, 2026, the Court issued a Minute Order (1) directing the parties to complete and file the Magistrate Judge Consent Form ("Consent Form") on or before June 23, 2026, (2) setting a Scheduling Conference for July 7, 2026, and (3) ordering the parties to submit a proposed Scheduling Order no later than seven days before the Scheduling Conference. ECF No. 9.

On April 24, 2026, the defendant filed a motion for an extension of time to respond to the complaint, ECF No. 10. In the D.C.COLO.LCivR 7.1(a) conferral statement, defense counsel explained that he had tried to contact the plaintiff by the telephone number and email address listed in the complaint, but that no one had answered the phone line, the voice mailbox was not

1

activated, and his email had not been returned. ECF No. 10 at 1–2. The Court then ordered the defendant to file a supplement to the motion on or before April 30, 2026 "indicating whether it has received a response to the email…" ECF No. 11. The defendant filed a supplement indicating that it had not received a response to its email, ECF No. 12, and the Court granted the motion without awaiting a response from the plaintiff. ECF No. 13.

The Clerk of Court attempted to serve the plaintiff by U.S. Mail with the Court's order directing defendant to file a supplement, the order granting the motion for an extension of time, and the defendant's executed summons, all of which were returned undeliverable. ECF Nos. 15, 18, and 20. In light of the undelivered mail and the plaintiff's unresponsiveness, on June 8, 2026, the Court sua sponte issued a Minute Order (1) directing the plaintiff to file a notice to the docket confirming or providing his current address by June 22, 2026, (2) converting the June 7, 2026 Scheduling Conference to a Status Conference and vacating the proposed Scheduling Order deadline, and (3) reiterating that the parties must complete and file the Consent Form on or before June 23, 2026. ECF No. 19. The Minute Order specifically warned the plaintiff "that failure to comply with this Minute Order or any other Court order may result in sanctions including dismissal of his claims, without further warning from the Court." *Id.* The Minute Order was sent to the plaintiff's email address listed in the complaint and by U.S. Mail. *Id.* The mailing was again returned undeliverable. ECF No. 24.

The defendant returned the Consent Form on June 22, 2026, indicating that it did not consent. ECF No. 21. The plaintiff did not sign the Consent Form returned by the defendant, *id.*, nor did he submit his own completed Consent Form. The case was reassigned to a district judge, who then referred the case to this Court for all pretrial proceedings. ECF Nos. 22, 23. The

2

plaintiff did not file a notice to the docket confirming or providing his current address by the

court-ordered deadline, and has not filed such notice as of the time of this Order.

The Local Rules of Practice for the District of Colorado require pro se parties to maintain

current contact information and file a notice of change of address within five days of the date of

change. *See* D.C.COLO.LCivR 5.1(c). In addition, D.C.COLO.LCivR 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be
> dismissed for failure to prosecute or failure to comply with these rules, the
> Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a
> district judge or a magistrate judge exercising consent jurisdiction may enter an
> order of dismissal with or without prejudice.

Federal Rule of Civil Procedure 16(f) also provides in part: "[o]n motion or on its own, the

court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule

37(b)(2)(A)(ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated
> claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to
> submit to a physical or mental examination.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or

defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus.

Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quotation

marks omitted). Specifically, a plaintiff's failure to diligently prosecute his case may lead to any

of the sanctions identified above, including dismissal of an action. *See Gripe v. City of Enid*, 312

F.3d 1184, 1188 (10th Cir. 2002); *Arakji v. Hess*, No. 15-cv-00681-CMA-MJW, 2016 WL

759177, at *3 (D. Colo. Feb. 26, 2016) (dismissing case with prejudice for the plaintiff's failure

3

to prosecute). "Although [Mr. Lewis] proceeds *pro se*, a party's *pro se* status does not exempt him from complying with the procedural rules that govern all civil actions filed in this District, namely the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado." *Yoder v. Samaritan House*, No. 21-cv-02899-RM-NYW, 2022 WL 22568657, at *2 (D. Colo. Jan. 3, 2022) (citing *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n. 2 (10th Cir. 2008)). Nor does his pro se status exempt him from the duty of all parties appearing before the Court to follow its orders. *See Williamson v. Owners Resort & Exchange*, 90 F. Appx. 342, 345 (10th Cir. 2004).

Here, the pro se plaintiff seemingly has failed to comply with the Local Rules, which require him to maintain current contact information and file a notice of change of address within five days of the date of the change. D.C.COLO.LCivR 5.1(c). In all events, he has failed to comply with the Court's orders regarding submission of the Consent Form and filing notice to the docket of his current mailing address despite being specifically warned that such failure could result in the dismissal of his claims without further warning.

Furthermore, he has not responded to efforts by the defendant to confer with him by the email address and telephone number he listed in his complaint. "Just as Defendant is burdened by Plaintiff's failure to provide [ ] current [contact information], so, too, is the Court." *Yoder*, 2022 WL 22568657, at *3 (internal alterations omitted). The plaintiff's lack of responsiveness has delayed the progress of the case, causing the Court to convert the Scheduling Conference to a Status Conference and vacate the proposed Scheduling Order deadline.

Therefore, given the plaintiff's failure to prosecute his claims against the defendant, comply with multiple court orders, and comply with the Local Rules of this District, the plaintiff shall show cause, in writing, why this Court should not recommend that his claims be dismissed

without prejudice for failure to prosecute and failure to comply with this Court's order and the Local Rules of this District. **The plaintiff is again advised that his failure to respond to this Order to Show Cause by the Court-ordered deadline may result in this Court dismissing his claims without prejudice, without further warning from the Court.**

Accordingly, it is hereby ORDERED that, **on or before July 7, 2026**, the plaintiff shall **SHOW CAUSE**, in writing, why the Court should not dismiss his claims without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, failure to comply with a Court order, and failure to comply with the Local Rules of this District. It is further ORDERED that the July 7, 2026 Status Conference is VACATED.

The Clerk of the Court shall email this Order to Show Cause to the plaintiff's email addresses and send it to the plaintiff's mailing address as listed in the Verified Complaint and Jury Demand. *See* ECF No. 1 at 1.

Entered and dated at Denver, Colorado, this 24th day of June, 2026.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge