IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01330-CYC

BRIAN HENRY LEWIS,

Plaintiff,

v.

7-ELEVEN, INC.,

Defendant.

**PLAINTIFF'S SECOND SUPPLEMENT TO MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 36) REGARDING ECF NOS. 27 AND 29**

Plaintiff Brian Henry Lewis, proceeding pro se, respectfully submits this Second Supplement to his pending Motion to Restrict Public Access (ECF No. 36). On September 9, 2026, Chief Judge Daniel D. Domenico issued an Order (ECF No. 48) referring Plaintiff's Motion to Restrict (ECF No. 36) and Supplemental Motion (ECF No. 39) to Magistrate Judge Cyrus Y. Chung for determination. Plaintiff submits this Second Supplement to narrowly incorporate ECF Nos. 27 and 29 into that referred proceeding. In support thereof, Plaintiff states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff certifies that he conferred with counsel for Defendant regarding the relief sought in this Supplement. On July 30, 2026, Plaintiff notified

David M. Eisen, Esq. and Charles W. Weese, Esq., counsel for Defendant, by email (copying Eric A. Welter, Esq. and Brad W. Goldstein, Esq.), of his intent to seek restriction of certain personal identifying information based on documented safety and disability-related concerns, and requested Defendant's position. That same day, Eric A. Welter, Esq. responded on behalf of Defendant that Defendant did not agree to Plaintiff's proposed requests. Defendant therefore opposes the relief requested herein.

**I. FILINGS AT ISSUE**

1. On July 6, 2026, Plaintiff filed his Response to the Court's Order to Show Cause (ECF No. 27) and Notice of Change of Address (ECF No. 29).

2. ECF Nos. 27 and 29 contain unredacted personal identifying and location information, including Plaintiff's full date of birth and exact residential shelter address. ECF No. 27 also contains the shelter case manager's direct personal telephone number and email address.

3. Plaintiff respectfully requests that ECF Nos. 27 and 29 be incorporated into the pending restriction proceeding under D.C.COLO.LCivR 7.2.

**II. NARROW TAILORING AND LEAST-RESTRICTIVE RELIEF**

4. Plaintiff seeks only the restrictions necessary to protect the specific private information identified above. Plaintiff proposes the following graduated structure:

a. Level 1 Restriction — Parties and the Court. Applies to Plaintiff's full date of birth and exact residential shelter street address in ECF Nos. 27 and 29. Defendant has a legitimate litigation need to verify identity and address information for service and case administration. Level 1 protection preserves Defendant's access while preventing continued public access.

b. Level 2 Restriction — Plaintiff and the Court. Applies to the shelter case manager's direct personal telephone number and email address in ECF No. 27. These third-party personal contact details are not necessary for Defendant's ability to litigate this case. Any legitimate need for testimony or records can be addressed through ordinary discovery without public disclosure of the individual's direct personal contact information.

This graduated approach is consistent with the restriction framework Plaintiff previously requested for Exhibits A–D and is limited here to the specific information identified in ECF Nos. 27 and 29.

5. Plaintiff does not seek to restrict any substantive legal or factual content in ECF Nos. 27 or 29. The requested restrictions are limited strictly to the sensitive personal information for which continued public access presents the identified concerns.

**III. COUNTERVAILING PRIVACY AND SAFETY INTERESTS**

6. Plaintiff recognizes the strong presumption of public access to judicial records and respectfully requests that the Court balance that presumption against the countervailing

privacy and safety interests implicated by the specific information identified above. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007); Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).

7. Plaintiff does not contend that ECF Nos. 27 and 29 were never publicly accessible. Rather, Plaintiff seeks restriction because the information remains continuously accessible and may be indefinitely indexed, copied, harvested, and republished through external databases.

8. Continued public access to Plaintiff's exact residential shelter address presents a concrete privacy and safety concern. Plaintiff has documented disability-related and personal-safety circumstances that make public disclosure of his precise residential location particularly concerning. Public access creates a risk of unwanted identification, tracking, or contact. This is a clearly defined and serious injury within the meaning of D.C.COLO.LCivR 7.2(c): the address identifies the specific location where Plaintiff currently resides and receives mail, and its continued disclosure would allow any member of the public to locate him in person, a risk compounded by his documented disability-related and personal-safety circumstances and one that cannot be undone once the information is copied, indexed, or further disseminated.

9. The same applies to the shelter case manager's direct personal telephone number and email address. These third-party contact details are unnecessary for public understanding of the judicial record and warrant protection without restricting any substantive content.

**IV. WHY THIS REQUEST IS LIMITED TO ECF NOS. 27 AND 29**

10. Plaintiff seeks to address ECF Nos. 27 and 29 now because they contain the specific unredacted information identified above and fall within the pending restriction proceeding referred by ECF No. 48.

11. Plaintiff does not seek a blanket restriction on future filings. Any future request will be evaluated under D.C.COLO.LCivR 7.2 on a case-by-case basis.

12. The graduated framework proposed herein applies strictly to ECF Nos. 27 and 29.

## V. EXISTING FILINGS AND PROPOSED REDACTION

13. Immediate restriction, not redaction, is the appropriate first step. Plaintiff requests immediate Level 1 and Level 2 restriction of ECF Nos. 27 and 29 in their current, unredacted form. D.C.COLO.LCivR 7.2(e) provides that a document filed as a restricted document remains restricted until the Court determines the accompanying motion; Plaintiff requests that the Court apply that same protection here — restricting ECF Nos. 27 and 29 while it evaluates the appropriate scope of access — with redaction available afterward as the less restrictive alternative. Because ECF Nos. 27 and 29 have been publicly accessible since their filing on July 6, 2026, and contain Plaintiff's precise physical shelter address, any interval during which the documents remain unrestricted while redacted substitutes are drafted and reviewed would allow that address to be copied, cached, or indexed by third parties in the meantime — exposure that cannot be undone once it occurs.

14. Plaintiff does not seek to withhold any substantive legal argument or factual content from the public. Plaintiff respectfully requests leave to prepare and file redacted public substitutes — omitting only the specific date of birth, shelter address, and case manager contact information identified above — on whatever timeline the Court directs.

15. Plaintiff's request preserves the existing filings under restriction while allowing the Court to determine the appropriate level of public access to the specific sensitive information, consistent with the strong presumption of public access recognized in Mann v. Boatright.

**VI. SCOPE OF THIS SUPPLEMENT**

16. This Second Supplement is limited to public-access restrictions concerning ECF Nos. 27 and 29.

17. Plaintiff does not renew or seek adjudication of any procedural or scheduling accommodation request through this Supplement. Plaintiff preserves, without prejudice, the ability to seek such accommodations separately if necessary.

**VII. RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Incorporate ECF Nos. 27 and 29 into the pending restriction proceeding referred under ECF No. 48;

b. Place Plaintiff's full date of birth and exact residential shelter address under Level 1 Restriction pending the Court's determination of the motion;

c. Place the shelter case manager's direct personal telephone number and email address under Level 2 Restriction;

d. Maintain public access to all non-sensitive substantive portions of ECF Nos. 27 and 29;

e. Permit Plaintiff to submit redacted public substitutes if the Court determines redaction is appropriate; and

f. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of September, 2026.

/s/ Brian Henry Lewis

Brian Henry Lewis

Plaintiff, Pro Se

[Contact details on file with the Court]

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a true and correct copy on counsel of record for Defendant via electronic mail:

Eric A. Welter, Esq. (eaw@welterlaw.com)

David M. Eisen, Esq. (dme@welterlaw.com)

Brad W. Goldstein, Esq. (bwg@welterlaw.com)

WELTER LAW FIRM, P.C.

Charles W. Weese, Esq. (cweese@williamsweese.com)

WILLIAMS WEESE PEPPLE & FERGUSON PC

Counsel for Defendant 7-Eleven, Inc.

/s/ Brian Henry Lewis

Brian Henry Lewis

Plaintiff, Pro Se